ADAMS et, Plaintiffs-Appellees, v. SNOUFFER and J. & L. SNOUFFER, Inc., Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4239. Decided June 5, 1951.

Paul R. Gingher, Matthew L. Bigger, Columbus, for appellants.

Bricker, Marburger, Evatt & Barton, Columbus, for appellees.

## OPINION

By THE COURT.

This matter has been submitted upon a motion of appellant to vacate, suspend or modify the order of permanent injunction heretofore entered in this cause. The motion has been

submitted upon the oral statements of counsel supplemented by extended briefs.

On behalf of the appellees, counsel urge several questions of procedure as to which we make brief comment. We assume that this motion is not grounded upon any legal remedy but upon general equitable principles. The proceeding, in our judgment, should be instituted as a separate suit by petition, in the Court where the original injunction action was brought. 23 O. Jur. 1262, and numerous cases there cited. **Dengenhart v. Harford, 59 Oh Ap 552.**

We will not again set forth the facts and the law upon which the original judgment in this Court was predicated. The cause was carefully and capably presented and tried, the Court prepared an opinion, afterwards considered and passed upon an application for modification of the proposed terms of the injunctive order and granted the permanent injunction. Thereafter the Supreme Court refused to stay execution of the judgment and overruled a motion to certify.

This Court has no original jurisdiction in injunction. The issues of fact should they be drawn on an action to vacate or modify the injunction should be tried in the Common Pleas Court. **Le Maistre, Admr.; Warner, Admx., v. Clark, 142 Oh St 1.**

Res adjudicata should apply to a permanent injunction order as completely and effectively as it does to other judgments. Appellants should not, at this juncture, be heard to say that any matter at issue, or which could have been put in issue in the original appeal has not been properly determined.

Upon the claim of changed circumstances, we said in our original opinion, had it there appeared that the product of the quarry could not be produced at any other location or that there was a scarcity of such material, we should have a different question than was presented on the record as made. Neither of these factors is developed here to an extent that would indicate necessity of modifying the order. It is argued that the national emergency is such that the Court should relax the severity of the injunctive order. However, there is no showing in the affidavit offered by the defendants that there has been any requisition or demand of any Federal Agency for the particular product of the defendant company; that there is any scarcity of such material or that the emergency requires the use of the product of the particular quarry here involved. Nor is there any suggestion that any new or different methods of blasting or operation of the quarry could be employed should defendants resume their business, which would obviate the injuries which it has been adjudicated the

plaintiffs have suffered. The burden of the case made for the motion is that the facts upon which the three courts acted do not support the judgments.

Upon the claims that this Court was without jurisdiction to enter the order of permanent injunction; that the petition does not state a cause of action; that the defendants were not properly in court on the supplemental petition; that we decided that the operation of the business of the defendants was a nuisance per se, we hold against the defendants.

The motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.